UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASPECTS, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v.   : | C.A. No. |
| : | |
| HUANGJUN JUN HE and BING QIAN LIU, : | |
| : | |
| Defendants. : | |

## COMPLAINT

Plaintiff, Aspects, Inc. ("Aspects"), brings this action against Defendants, Huangjun Jun He and Bing Qian Liu (collectively, "Defendants"), for direct and contributory trademark infringement, direct and contributory trademark counterfeiting, federal and state unfair competition, and violations of New York Real Property Law § 231(2) for knowingly permitting real property to be used for an unlawful trade or business. By its Complaint, Aspects seeks injunctive relief and monetary damages and alleges as follows:

## PARTIES

1. Plaintiff Aspects is a corporation organized and existing under the law of Rhode Island, with its principal place of business located in Warren, Rhode Island. Aspects manufactures, distributes, markets and sells bird feeders, backyard products and decorated gift items.

2. Upon information and belief, Huangjun Jun He ("HJH") is a resident of Bronx, New York. Upon information and belief, HJH conducts business as Lycium, LLC ("Lycium") at 2111 Colonial Ave., Bronx, New York, 10461. Upon information and belief, Lycium is not organized as a limited liability company in New York or any other state.

3.      Upon information and belief, Bing Quian Liu ("Liu") is the wife of HJH and also is a resident of Bronx, New York.  Upon information and belief, Liu conducts business as Lycium, LLC at 2111 Colonial Ave., Bronx, New York, 10461.  Upon information and belief, Lycium is not organized as a limited liability company in New York or any other state.

4.      HJH and Liu are co-owners of 2111 Colonial Ave., Bronx, New York.

## JURISDICTION AND VENUE

5.      This is an action for infringement of Plaintiff's federally-registered trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for trademark counterfeiting, for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 and for related claims of common law unfair competition under New York law. This Court has jurisdiction over the Lanham Act claims pursuant to the provisions of Section 39(a) of the Lanham Act, 15 U.S.C. § 1121.  This Court has jurisdiction over the common law claim for unfair competition brought herein under the provisions of 28 U.S.C. § 1338(b) because that claim is joined with a substantial and related claim under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*

6.      This Court may exercise personal jurisdiction over HJH by virtue of his domicile in New York.

7.      This Court may exercise personal jurisdiction over Liu by virtue of her domicile in New York.

8.      Alternatively, this Court may exercise personal jurisdiction over Defendants pursuant to C.P.L.R. § 302(a)(1), (2) and (4), because the acts about which Plaintiff complains arise from Defendants' business transactions within New York State and/or agreement to supply goods in New York State; Defendants' commission of a tortious act within New York State;

and/or Defendants' ownership, use or possession of real property situated within New York State.

9. Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of events giving rise to this action occurred in this District.

## FACTS

### Aspects and Its Family of Trademarks

10. Aspects manufactures and sells innovative, high-quality bird feeders and associated products that are made in the United States and backed by Aspects' lifetime guarantee. Aspects supports independent retailers and maintains a pledge never to sell its products to deep discount outlets.

11. Since at least April 1979, Aspects has promoted and sold its bird feeders and associated products in connection with the trademark, ASPECTS®, and variations and stylized versions thereof (the "Aspects® Mark").

12. By virtue of Aspects' long, continuous, and widespread use, the Aspects® Mark has become associated with the bird feeders and other products offered by Aspects in the United States.

13. In addition to its extensive common law rights in the Aspects® Mark throughout the United States, and to protect the substantial goodwill associated with its bird feeders and associated products, Aspects applied for and obtained four trademark registrations from the United States Patent and Trademark Office (the "PTO") for the Aspects® Mark.

14.     On September 24, 2013, the PTO granted Aspects a federal trademark registration for the trademark, Aspects® (Reg. No. 4,406,070; the "'070 Registration"), covering bird feeders, non-mechanical guards for bird feeders and associated replacement parts.

15.     The '070 Registration constitutes *prima facie* evidence of the validity of the Aspects® Mark, Aspects' ownership of it, and Aspects' exclusive right to use it in commerce in connection with its goods.

16.     On June 30, 1981, the PTO granted Aspects a federal trademark for a stylized version of the mark, Aspects® (Reg. No. 1,159,183; the "'183 Registration), covering bird feeders.

17.     The '183 Registration is valid and subsisting.  The registration is incontestable under Section 15 and Section 33(b) of the Lanham Act, 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b), respectively.

18.     Aspects has spent considerable sums of money and effort developing its valuable trademark rights in the Aspects® Mark, which has resulted in strong, positive awareness of the mark throughout the United States.  Accordingly, the Aspects® Mark is a valuable commercial asset.

19.     Since at least August 1990, Aspects also has promoted and sold its bird feeders and associated products in connection with the trademark, HUMMZINGER®, and variations and stylized versions thereof (the "Hummzinger® Mark").

20.     By virtue of Aspects' long, continuous, and widespread use, the Hummzinger® Mark has become associated with the bird feeders and other products offered by Aspects in the United States.

21. In addition to its extensive common law rights in the Hummzinger® Mark throughout the United States, and to protect the substantial goodwill associated with its bird feeders and associated products, Aspects applied for and obtained a trademark registration from the PTO for the Hummzinger® Mark.

22. On January 26, 1993, the PTO granted Aspects a federal trademark for a stylized version of Hummzinger® (Reg. No. 1,748,519; the "'519 Registration), covering bird feeders.

23. The '519 Registration is valid and subsisting. The registration is incontestable under Section 15 and Section 33(b) of the Lanham Act, 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b), respectively.

**Seizure of Counterfeit Trademark Goods Bearing the Aspects® and Hummzinger® Marks Bound for Defendants**

24. Upon information and belief, on or about February 20, 2017, United States Customs and Border Protection ("CBP") seized 3,828 pieces of counterfeit Aspects bird feeders in 68 cartons entering the Unites States from China at the Long Beach Seaport in Los Angeles, California.

25. Aspects did not manufacture or authorize the manufacture of any of the bird feeders seized by CBP on or about February 20, 2017 at the Long Beach Seaport.

26. Upon information and belief, the bird feeders seized by CBP bore counterfeit, unauthorized versions of the Aspects® Mark and the Hummzinger® Mark. (These counterfeit versions of goods bearing the Aspects® Mark and the Hummzinger® Marks are referred to as the "Accused Products.")

27. The Accused Products are of an inferior quality and the packaging and inserts contain typographical errors.

28. The Accused Products seized by CBP were bound for Lycium LLC, 2111 Colonial Ave, Bronx, New York.

29. On or about March 28, 2017, CPB informed Aspects that it had seized counterfeit Aspects bird feeders.

30. Thereafter, Aspects began to investigate Lycium, LLC. Through its investigation, Aspects determined that Lycium is not organized under the laws of New York or any other state.

31. Further investigation revealed that HJH and Liu are the owners of 2111 Colonial Ave., Bronx, which is the address of a single family residence.

32. On or about the summer of 2017, an investigator hired by Aspects approached 2111 Colonial Avenue and spoke to a woman residing there, who, upon information and belief, was Liu. Liu indicated that she would accept a delivery for Lycium, LLC.

33. Upon information and belief, HJH and Liu operate Lycium, LLC at 2111 Colonial Avenue.

34. Alternatively, HJH and Liu knowingly lease or give possession to 2111 Colonial Avenue to be used for unlawful conduct – namely trademark counterfeiting.

**COUNT I – All Defendants**
**Federal Trademark Infringement**
**Violation of 15 U.S.C. § 1114,** ***et seq.***

35. Aspects repeats and realleges each and every allegation contained in paragraphs above as if fully set forth herein.

36. Aspects is the owner of federal trademark registrations for the Aspects® Mark and the Hummzinger® Mark.

37. Through their sale and/or offering for sale of the Accused Products in commerce, Defendants have infringed and continue to infringe Plaintiff's rights in its Aspects® Mark and

the Hummzinger® Mark, so as to create a likelihood of confusion, or to cause mistake, or to deceive the public as to the nature, source and sponsorship of Defendants' goods

38. The unauthorized acts of Defendants in advertising and promoting goods as alleged above constitutes infringement of Aspects federally registered trademarks in violation of the Lanham Act, 15 U.S.C. § 1114 *et seq.*, to the substantial and irreparable injury of Aspects' business reputation and goodwill.

39. The unauthorized acts of Defendants in promoting goods as alleged above were commenced and continue in spite of their actual and/or constructive knowledge of Plaintiff's rights in the Aspects® Mark and the Hummzinger® Mark and Defendants' knowledge that such activity was and is in direct contravention of Plaintiff's rights

40. Defendants' aforesaid acts have been knowing, deliberate, willful and are in disregard of Plaintiff's rights

41. Unless Defendants are enjoined from engaging in such unlawful conduct, Plaintiff will continue to suffer irreparable harm and monetary damages and there remains likelihood that the public will be misled and confused.

42. Plaintiff has been damaged thereby.  It has not adequate remedy at law.

**COUNT II – All Defendants**
**Federal Trademark Counterfeiting**
**Violation of 15 U.S.C § 1114,** *et. seq.*

43. Aspects repeats and realleges each and every allegation contained in paragraphs above as if fully set forth herein.

44. Upon information and belief, without Aspects' authorization or consent, having knowledge of Aspects' rights to the Aspects® Mark and the Hummzinger® Mark, and that Defendants' counterfeit products bear marks that are identical or substantially indistinguishable

7

from the Aspects® Mark and the Hummzinger® Mark, Defendants have distributed, offered for sale and/or sold the Accused Products to the consuming public in competition with Aspects' sale of its products, in or affecting interstate commerce.

45. Defendants' use of such copies or simulations of the Aspects® Mark and the Hummzinger® Mark is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the counterfeit products, and is likely to deceive the public into believing that the counterfeit products being sold by Defendants, originate from, are associated with or are otherwise authorized by Aspects, all to the damage and detriment of Aspects' reputation, goodwill and sales.

46. Plaintiff has been damaged thereby. It has not adequate remedy at law.

## COUNT III – All Defendants
### Contributory Federal Trademark Counterfeiting and Trademark Infringement
### Violation of 15 U.S.C § 1114, *et. seq.*

47. Aspects repeats and realleges each and every allegation contained in paragraphs above as if fully set forth herein.

48. Upon information and belief, at all relevant times, Defendants have had actual, specific knowledge that counterfeit goods bearing the Aspects® Mark and the Hummzinger® Mark are being sent to their property.

49. Despite such direct and specific knowledge, Defendants have continued to permit and condone the use of their property at 2111 Colonial Ave. Bronx, New York as a base of operation from which to distribute and sell goods bearing counterfeit versions of Plaintiffs' trademarks.

50. At all relevant times, Defendants had the ability to prevent others from using the property at 2111 Colonial Ave, Bronx, New York as a base from which to distribute and sell goods bearing counterfeit versions of Plaintiffs trademarks.

51. Despite the foregoing, Defendants have failed to prevent others from using the property at 2111 Colonial Ave, Bronx, New York as a base from which to distribute and sell goods bearing counterfeit versions of Plaintiffs trademarks.

52. Defendants have enabled, facilitated and materially contributed to the unlawful acts described above.

53. Based on the foregoing, Defendants are contributorily liable to Plaintiffs for their participation in the unlawful acts of trademark counterfeiting perpetrated against Plaintiffs.

## COUNT IV – All Defendants
### Federal Unfair Competition and False Designation of Origin
### Violation of 15 U.S.C. § 1125(a), *et seq.*

54. Aspects repeats and realleges each and every allegation contained in paragraphs above as if fully set forth herein.

55. The aforesaid acts of Defendants constitute the intentional use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading misrepresentations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association with Plaintiff, or as to the origin, sponsorship or approval of Defendants' goods or other commercial activities by Plaintiff.

56. The aforesaid acts of Defendants constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that in commercial advertising or promotion, misrepresent the nature, characteristics or qualities of Defendants' goods or other commercial activities.

57. The aforesaid acts of Defendant constitute false designation of origin, false and misleading descriptions and representations and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. Defendants know, or reasonably should know, that their conduct is likely to mislead the public.

59. Defendants' aforesaid acts have been knowing, deliberate, willful, intended to cause mistake or to deceive, and are in disregard of Plaintiff's rights

60. The aforesaid acts of Defendants have caused, and are causing, great and irreparable harm and damage to Plaintiff and, unless permanently restrained by this Court, said irreparable injury will continue.

61. Plaintiff has been damaged thereby.  It has no adequate remedy at law

### COUNT V – All Defendants
### Common Law Unfair Competition

62. Aspects repeats and realleges each and every allegation contained in paragraphs above as if fully set forth herein.

63. Defendants' aforesaid acts are a violation and in derogation of Plaintiff's common law rights and are likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship or quality of Defendants' goods.

64. Defendants' aforesaid acts are causing loss, damage and injury to Plaintiff and to consumers and the public.

65. Defendants know, or reasonably should know, that their conduct is likely to mislead the public.

66. Defendants' aforesaid acts have been knowing, deliberate, willful, intended to cause mistake or to deceive, and are in disregard of Plaintiff's rights.

67. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will be deprived of sales of products and services and has suffered a diminution of the value of its Aspects® Mark and Hummzinger® Mark.

68. The aforesaid acts of Defendants have caused and continue to cause irreparable harm and damage to Plaintiff and, unless permanently restrained by this Court, said irreparable injury will continue.

69. Plaintiff has been damaged thereby. It has no adequate remedy at law.

## COUNT VI – All Defendants
### Violation of N.Y. Real Property Law § 231

70. Aspects repeats and realleges each and every allegation contained in paragraphs above as if fully set forth herein.

71. The manufacture, distribution, sale or offer for sale of goods bearing counterfeit trademarks is an unlawful trade or business under New York law.

72. Defendants have knowingly permitted 2111 Colonial Ave., Bronx, New York to be used, in whole or in part, for the manufacture, distribution, sale or offer for sale of goods bearing counterfeit trademarks.

73. Plaintiff has been damaged thereby.

74. By virtue of the foregoing, pursuant to N.Y. Real Property Law § 231, Defendants are liable to Plaintiffs.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff, Aspects, Inc., respectfully requests that this Court enter judgment in favor of Aspects and against Defendants Huangjun Jun He and Bing Qian Liu grant the following relief:

    A.    The damages sustained by Aspects as a result of Defendants' infringement and unfair competition, in an amount to be ascertained at trial;

    B.    A trebling of any and all relevant damages awarded, pursuant to 15 U.S.C. § 117(a);

    C.    A temporary, preliminary and permanent injunction barring Defendants, and all persons acting on their behalf, from engaging in any sale and/or use of the Accused Products, or any other name or mark confusingly similar to the Aspects® Mark, the Hummzinger Mark® or any mark owned by Aspects, either alone or in combination with other words or symbols, through the creation of a reproduction or counterfeit, as a part of any trademark, service mark, trade name, corporate name, assumed name, domain name, web site, email address, or in any other manner in connection with bird feeders;

    D.    An injunction ordering Defendants to deliver up for destruction all products, reproductions, counterfeits, literature, signs, prints, advertising materials, catalogues, stationery and any other item bearing counterfeit versions of the Aspects® Mark, the Hummzinger Mark® or any mark owned by Aspects, either alone or in combination with other words or symbols, pursuant to 15 U.S.C. § 1118;

    E.    That Aspects recover its attorneys' fees;

    F.    That Aspects recover its costs and disbursements; and

G. That Aspects be awarded such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

ASPECTS, INC.
By Its Attorneys,


/s/ Ryan M. Gainor
Craig M. Scott (to be admitted *pro hac vice*)
Ryan M. Gainor, Esq.
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, Rhode Island, 02903
(401) 274-2000
cscott@hinckleyallen.com
rgainor@hinckleyallen.com

Dated: February 1, 2018