UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASPECTS, INC.,

           Plaintiff,

           v.                               C.A. No. 18-CV-900-JGK

LYCIUM, LLC, HUANGJUN JUN HE and
BING QIAN LIU,

           Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO DISMISS COUNTERCLAIM</u>**

**TABLE OF CONTENTS**

                                                                         **Page**

I.     Facts and Background ................................................................................................. 1

II.    Argument ..................................................................................................................... 2

        A.  Standard of Review ............................................................................................ 2

        B.  The Individual Defendants' Claim for Malicious Prosecution Fails
            as a Matter of Law ............................................................................................. 3

        C.  The Individual Defendants' Claim for Abuse of Process Fails as a Matter
            of Law ................................................................................................................ 5

        D.  The Individual Defendants' Claim for Prima Facie Tort Fails As A Matter
            of Law ................................................................................................................ 6

III.   Conclusion .................................................................................................................. 7

# TABLE OF AUTHORITIES

**Case**                                                        **Page**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................. 2

*Asia TV USA, Ltd. v. Total Cable USA LLC*,
  No. 16-CV-6873 (AJN), 2018 WL 1626165 (S.D.N.Y. Mar. 29, 2018) ................................. 4

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
  493 F.3d 87 (2d Cir. 2007) .................................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................................... 2, 3

*Brass v. Am. Film Techs., Inc.*,
  987 F.2d 142 (2d Cir. 1993) .................................................................................................. 3

*Chechele v. Morgan Stanley*,
  896 F. Supp. 2d 297 (S.D.N.Y. 2012) .................................................................................... 3

*Colon v. City of New York*, 60 N.Y.2d 78, 82 (N.Y. 1983) ..................................................... 3

*Colonial Funding Network, Inc. for TVT Capital, LLC v. Epazz, Inc.*,
  252 F. Supp. 3d 274 (S.D.N.Y. 2017) .................................................................................... 6

*Curiano v. Suozzi,*
  469 N.E.2d 1324 (N.Y. 1984) ....................................................................................... 5, 6, 7

*Engel v. CBS, Inc.,*
  93 N.Y.2d 195 (N.Y. 1999) .......................................................................................... 3, 4, 5

*Khandalavala v. Artsindia.com, LLC*,
  No. 652450/13, 2014 WL 1392220 (N.Y. Super. April 8, 2016) ....................................... 4, 6

*Kriss v. Bayrock Grp. LLC*,
  No. 10CIV3959LGSDCF, 2017 WL 4023351 (S.D.N.Y. Sept. 12, 2017) ............................. 5

*O'Brien v. Alexander*,
  101 F.3d 1479 (2d Cir. 1996) ............................................................................................ 3, 5

*Perryman v. Vill. of Saranac Lake,*
  41 A.D.3d 1080 (App. Div. 2007) ......................................................................................... 4

*PSI Metals, Inc. v. Firemen's Ins. Co. of Newark, N.J.*,
  839 F.2d 42 (2d Cir. 1988) .................................................................................................... 5

*Wilhelmina Models, Inc. v. Fleisher*,
  19 A.D.3d 267, 797 N.Y.S.2d 83 (2005) .............................................................................. 4

**Statutes**

N.Y. Real Property Law § 231 ............................................................................................... 1

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 2, 3, 7

Defendants Hungjun Jun He and Bing Qian Liu's (the "Individual Defendants") Counterclaims for malicious prosecution, abuse of process and prima facia tort fail to state claims as a matter of law. The Court should dismiss the Counterclaims in their entirety.

**I.    Facts and Background**

On March 23, 2018, Plaintiff Aspects, Inc. ("Aspects") filed an Amended Complaint, containing allegations of trademark infringement and trademark counterfeiting against Defendant Lycium, LLC ("Lycium").[1] The Amended Complaint also asserts a claim against the Individual Defendants under N.Y. Real Property Law § 231 for allowing their property to be used for an unlawful purpose – the manufacture, distribution, sale or offer for sale of goods bearing counterfeit trademarks. *See* Am. Compl., Dkt. No. 15, at ¶¶ 65-69.

Aspects first became aware of Lycium when U.S. Customs and Border Protection seized a shipment of counterfeit goods bearing Aspects' trademarks in February 2017. *Id.* at ¶ 26. The shipment, 68 cartons of goods containing 3,828 individual pieces, was bound for Lycium– with an address of 2111 Colonial Avenue, Bronx, New York. *Id.* at ¶¶ 30-31. The Individual Defendants own this property. *See* Defs' Answer, Dkt. No. 18, at ¶5. Following the seizure, an investigator went to 2111 Colonial Avenue and inquired if the address would accept deliveries for Lycium, LLC. Am. Compl. at ¶ 35. An individual at the address advised him that it would. *Id.* The current litigation followed.

In response to the Amended Complaint, Individual Defendants filed an Answer and Counterclaim. The Counterclaim purports to set forth claims for malicious prosecution, abuse of process and prima facie tort. In the Counterclaim, the Individual Defendants allege that they

---

[1] Lycium, duly served with process, has not responded to the Amended Complaint. On May 3, 2018, Aspects filed a Request for Certificate of Default against Lycium. (Dkt. No. 24.) The Request for Certificate of Default remains pending.

1

informed Aspects that they did no business with Lycium and are senior citizens. Defs.' Countercl., Dkt. No. 18, at ¶¶ 4-5. The Counterclaim avers that Aspects made knowingly false claims that the shipment seized by U.S. Customs and Border Protection was destined for 2111 Colonial Avenue, Bronx, New York. *Id.* at ¶ 15. Yet, the Counterclaim does not contain the litany of allegations necessary to allege properly counts of malicious prosecution, abuse of process and prima facie tort.

Further, Individual Defendants cannot correct these fatal deficiencies through amendment. Their claims are infirm as a matter of law – not just as a matter of pleading.

## II.     Argument

### A. Standard of Review

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. In considering the legal sufficiency, a court must accept as true all well-pleaded facts and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To survive a Rule 12(b)(6) motion, the plaintiff, or here, the counterclaim plaintiff, must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a

defendant acted unlawfully." *Id.* A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"In ruling on a Rule 12(b)(6) motion to dismiss, a court may consider 'the factual allegations in [the] . . . complaint, . . . documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, [and] documents either in plaintiff['s] possession or of which [the] plaintiff[] had knowledge and relied on in bringing suit.'" *Chechele v. Morgan Stanley*, 896 F. Supp. 2d 297, 302 (S.D.N.Y. 2012) (quoting *Brass v. Am. Film Techs., Inc.,* 987 F.2d 142, 150 (2d Cir. 1993)).

### B. The Individual Defendants' Claim for Malicious Prosecution Fails as a Matter of Law

A cause of action for malicious prosecution under New York law has four elements: (1) the initiation of an action by the defendant against the plaintiff, [2] (2) begun with malice, (3) without probable cause to believe it can succeed, (4) that ends in failure or, in other words, terminates in favor of the plaintiff. *O'Brien v. Alexander*, 101 F.3d 1479, 1484 (2d Cir. 1996). [3]

---

[2] Throughout *O'Brien*, the Second Circuit notes that malicious prosecution concerns a *prior* litigation terminated in the favor of the party pursuing a malicious prosecution claim. *See e.g.*, *O'Brien*, 101 F.3d at 1486.

[3] In a May 9, 2018 letter to the Court, Dkt. No. 26, Individual Defendants appear to suggest that in certain circumstances, a party may assert a claim for malicious prosecution by showing only that a complaint lacks probable cause. *See id.* at 2. The cases upon which Individual Defendants relied, however, all required malicious prosecution plaintiffs to also establish a prior action, begun in malice, that terminates in the favor of the malicious prosecution plaintiff, plus some type of exceptional burden. *See Engel v. CBS, Inc.,* 93 N.Y.2d 195, 206 (N.Y. 1999) ("A malicious civil prosecution, then, is one that is begun in malice, without probable cause to believe it can succeed, and which, after imposing a grievance akin to the effect of a provisional remedy, finally ends in failure."); *Colon v. City of New York*, 60 N.Y.2d 78, 82 (N.Y. 1983) ("The elements of an action for malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice.");

"Such a cause of action may be based upon a civil action instituted against plaintiff provided there is a showing of some interference with plaintiff's person or property . . . by the use of such provisional remedies as arrest, attachment, replevin or injunction . . . or other burden imposed on plaintiff beyond the ordinary burden of defending a law suit." *Id.* (internal citations omitted); *see also Engel v. CBS, Inc.*, 93 N.Y.2d 195, 205 (N.Y. 1999) ("Put another way, what is 'special' about special injury is that the defendant must abide some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit.")

Here, the Individual Defendants do not allege, nor could they, that they participated in any litigation with Aspects prior to this case. Thus, Individual Defendants cannot allege that prior litigation between them and Aspects ended in their favor. For that reason alone, their claim for malicious prosecution must be dismissed. Indeed, where, as here, an "action is ongoing, the defendants . . . cannot allege, that the action has terminated in their favor." *Asia TV USA, Ltd. v. Total Cable USA LLC*, No. 16-CV-6873 (AJN), 2018 WL 1626165, at *5 (S.D.N.Y. Mar. 29, 2018). Thus, they cannot state a claim for malicious prosecution. *Id.*; *see also Khandalavala v. Artsindia.com, LLC*, No. 652450/13, 2014 WL 1392220 at *6 (N.Y. Super. April 8, 2016) (holding cause of action for malicious prosecution not maintainable where action has not terminated).

---

*Perryman v. Vill. of Saranac Lake,* 41 A.D.3d 1080, 1081 (App. Div. 2007) ("To succeed on a claim for malicious prosecution, a plaintiff must show that the defendant initiated a proceeding that terminated in favor of the plaintiff, 'an entire lack of probable cause in the prior proceeding,' malice, and special injury."); *Wilhelmina Models, Inc. v. Fleisher*, 19 A.D.3d 267, 269, 797 N.Y.S.2d 83 (2005) (same); *Khandalavala v. Artsindia.com, LLC*, No. 652450/13, 2014 WL 1392220 at *6 (N.Y.Sup. April 8, 2016) (same). In each of the five cases cited above, the Court determined the plaintiff had not set out a claim for malicious prosecution.

In addition, Individual Defendants have not pled, nor could they, that they have suffered "extraordinary" burden as required under New York law to set forth a claim for malicious prosecution. *See O'Brien,* 101 F.3d at 1486 (analyzing precedent and determining it is consistent with "rule that requires a plaintiff to allege an extraordinary burden beyond the ordinary burden of defending a civil suit" in order to set forth claim for malicious prosecution). The New York Court of Appeals has described this requirement as setting forth a "highly substantial and identifiable interference with person property or business" that is outside the demands of defending a lawsuit. *Engel,* 93 N.Y.2d at 205. The Individual Defendants have not identified the extraordinary burden they face. Thus, the malicious prosecution claim fails to state a claim for this additional reason as well.

### C. The Individual Defendants' Claim for Abuse of Process Fails as a Matter of Law

The Counterclaim does not identify any legal process that has been abused, and therefore it fails to state a claim upon which relief can be granted.

Under New York law, "[a]buse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective." *Kriss v. Bayrock Grp. LLC*, No. 10CIV3959LGSDCF, 2017 WL 4023351, at *3 (S.D.N.Y. Sept. 12, 2017). "[T]he institution of a civil action by summons and complaint is not legally considered process capable of being abused." *Id.* (quoting *Curiano v. Suozzi,* 469 N.E.2d 1324, 1326 (N.Y. 1984)); *see also PSI Metals, Inc. v. Firemen's Ins. Co. of Newark, N.J.,* 839 F.2d 42, 43 (2d Cir. 1988) (same); *Khandalavala*, 2014 WL 1392220 at *7 (same). Here, Aspects has filed a lawsuit against the Individual Defendants. Consistent New York precedent does not consider the institution of a lawsuit process that can be abused, and therefore the Counterclaim should be dismissed.

## D. The Individual Defendants' Claim for Prima Facie Tort Fails As A Matter of Law

New York law does not permit a prima facie tort claim to stand in for a malicious prosecution cause of action. Therefore, Individual Defendants' prima facie tort claim also fails to state a claim.

"Under New York Law, there are four elements required to support a claim for prima facie tort: (1) intentional infliction of harm, (2) causing special damages, (3) without excuse or justification, and (4) by an act or series of acts that would otherwise be lawful." *Colonial Funding Network, Inc. for TVT Capital, LLC v. Epazz, Inc*., 252 F. Supp. 3d 274, 286 (S.D.N.Y. 2017). "New York courts have consistently refused to allow retaliatory lawsuits based on prima facie tort predicated on the malicious institution of a prior civil action." *Curiano*, 63 N.Y.2d at 118. "Prima facie tort is designed to provide a remedy for intentional and malicious actions that cause harm and for which no traditional tort provides a remedy." *Id.* "It should not become a 'catch-all' alternative for every cause of action which cannot stand on its legs." *Id.* Individual Defendants "may not plead prima facie tort as an alternative to [their] malicious prosecution cause of action in order to avoid the stringent pleading requirements of that tort." *Khandalavala*, 2014 WL 1392220, at *9.

Here, the Individual Defendants retaliatory, undeveloped, one-paragraph Counterclaim for prima facie tort should be dismissed. Like in *Curiano*, the Individual Defendants claim for prima facie tort is not ripe. Instead, they must await completion of this suit, "and then bring an action for civil malicious prosecution at which time the merits of their arguments can be assessed properly." *Curiano*, 63 N.Y.2d at 118.

## III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court dismiss

Defendants' Counterclaim for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

                ASPECTS, INC.

                By Its Attorneys,

                /s/ Ryan M. Gainor
                Craig M. Scott (admitted *pro hac vice*)
                Ryan M. Gainor, Esq.
                Hinckley, Allen & Snyder LLP
                100 Westminster Street, Suite 1500
                Providence, Rhode Island, 02903
                (401) 274-2000
                cscott@hinckleyallen.com
                rgainor@hinckleyallen.com

Dated: May 30, 2018

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this Memorandum of Law contains 2016 words and complies with the formatting requirements of the Local Rules and Your Honor's Individual Rules of Practice.

/s/ *Ryan M. Gainor*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed through the ECF system on the 30th day of May, 2018 and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

/s/ *Ryan M. Gainor*