| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>ASPECTS, INC.,<br>        Plaintiff,<br>   v.<br><br>LYCIUM, LLC and<br>HUANGJUN HE and BING QIAN LIU<br><br>        Defendants | C.A. No. 18-CV-900-JGK |

INDIVIDUAL DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THE CROSS-MOTION

TABLE OF CONTENTS

Page

**I.    Facts and Background**......................................................................................5

**II.   Argument**................................................................................................8

       A. Motion To Dismiss Standard..................................................................8

       B. Legal Standard For Malicious Prosecution/Abuse Of Process

          and There Exists An Entire Lack Of Probable Cause

          By The Plaintiff …........................................................................8

       C. Prima Facie Tort............................................................................12

**III.  Conclusion**..............................................................................................12

TABLE OF AUTHORITIES

**Cases**                                                                                                         Page

1165 Broadway Corp. v. Dayana of NY Sportswear, Inc,
633 N.Y.S.2d 724, 166 Misc.2d 939 (N.Y. City Civ. Ct 1995) …...........................11

Ashcroft v. Iqbal,
556 U.S. 662 (2009)..................................................................................................8

Biondi v. Beekman Hill House Apt. Corp.,
257 AD2d 76 (1st Dept 1999), affd 94 NY2d 659 (2000)...................................... 9

Colon v. New York,
60 NY2d 78 (1983) …..........................................................................................8, 9

Engel v. CBS, Inc.,
93 NY2d 195 (1999)..................................................................................................8

Khandalavala v. Artsindina.com, LLC,
2014 NY Slip Op 30939 (N.Y. Sup. Ct. 2014)............................................................8

McLean v. Fleming,
96 U.S. 245 (1877)..................................................................................................11

Omega SA v. 375 Canal, LLC,
No. 12-CV-6979 (PAC), 2013 WL 2156043, (S.D.N.Y. May 20, 2013)....................8

Perryman v. Village of Saranac Lake,
41 AD3d 1080 (3d Dept 2007)..................................................................................8

Wilhelmina Models, Inc. v. Fleisher,
19 AD3d 267 (1st Dept 2005).................................................................................. 8

**Statutes**

15 U.S.C § 1114(1)...............................................................................................5, 10

15 U.S.C § 1125.........................................................................................................5

15 U.S.C § 1121.........................................................................................................5

N.Y. Real Property Law § 231(2)................................................................................5, 9

**Rules**

L. Civ. R. 7.1 …..........................................................................................6, 9, 12

Fed. R. Civ. P. 12(b)(6)......................................................................................8

The Individual Defendants Huangjun He and Bing Qian Liu (the "individual Defendants") oppose Plaintiff Aspects, Inc ("Plaintiff") motion to dismiss the individual Defendants' counterclaim of malicious prosecution and abuse of process on the ground that the Plaintiff has failed to plead sufficient probable cause in their Complaint, and neither did they provide any facts in support of its motion and the Defendants are entitled to file counterclaims as a matter of law.

The Defendants are willing to voluntarily withdraw the claim of Prima Facie Tort, and request the Court to stay their counterclaim of malicious prosecution and abuse of process until after the completion of the discovery process of the Plaintiff's claim.

**I.     Facts and Background**

Plaintiff initially filed a trademark infringement complaint against the individual Defendants under both Trademark Laws 15 U.S.C § 1114(1), 15 U.S.C § 1125, and 15 U.S.C § 1121 and N.Y. Real Property Law § 231, claiming the individual Defendants Huangjun He (HJH) and Bing Qian Liu ("Liu") conduct business as Lycium, LLC at 2111 Colonial Ave, Bronx, New York, and Liu was the wife of HJH. *See* Compl. Dkt. No. 1, at ¶¶ 2-3.

These claims were proven false, and on April 4, 2018, Plaintiff acknowledged the falsehood by amending its Complaint and removing the individual Defendants from all counts of claims under the trademark laws.

However, the Plaintiff refused to withdraw their claim against HJH and Liu under the N.Y. Real Property Law § 231 despite the fact that there is no allegation in the

Plaintiff's complaint that supports that HJH and Liu are in anyway related to the alleged trademark infringement. *See* Am. Compl. Dkt. No. 15, at ¶¶ 65-69.

HJH and Liu have informed the Plaintiff that they are in their seventies and they do not lease their property and do not know anything about the business of Lycium. *See* Answer, Dkt. No. 18, at Pg. 6, ¶¶ 1-6. And HJH is recovering from bladder cancer, the lawsuit has placed a significant burden on her for her recovering. *See* Answer, Dkt. No. 18, at Pg. 8, ¶17. In addition, HJH and Liu, through their attorney, have conducted a reasonable due diligence into the trademark infringement matter alleged by the Plaintiff, and have provided all their collected information regarding Lycium to the Plaintiff's in order for the Plaintiff to withdraw their claim.

The alleged trademark infringement arises from the only asserted fact that US Customs and Border Protection seized a shipment of goods in February, 2017 at Long Beach Seaport, Los Angeles, CA, which bore the trademarks of Aspects. *See* Am. Compl. Dkt. No. 15, at ¶¶ 26. The Plaintiff alleges that these seized goods were bound for Lycium, 2111 Colonial, Ave, Bronx, New York. *See* Am. Compl. Dkt. No. 15, at ¶¶ 30-31. However, the Plaintiff failed to provide the CBP letter or any other document or personal knowledge in the form of Declaration or Affidavit required by L. Civ. R. 7.1 in support of this allegation. In addition, the Defendants have submitted documents contrary to Plaintiff's allegation. *See* the CBP letter, Exhibit 2; Dkt. No. 26, at Exhibit 2. Nothing in this CBP letter indicates that the seized goods were bound for Lycium at 2111 Colonial, Ave, Bronx, New York. There is an additional document that the seized goods

were not bound for Lycium at 2111 Colonial, Ave, Bronx, New York. *See* the online-US Custom Record, Exhibit 3; Dkt. No. 26, at Exhibit 3.

There is no factual allegation in the Complaint by the Plaintiff that there exists one consumer of the alleged infringing product from Lycium or from the individual Defendants. Instead, the Plaintiff seemed to have tried to plant an evidence by fraudulently delivering a mail package for Lycium at 2111 Colonial, Ave, Bronx, New York, a mail fraud on Defendant HJH, by taking advantage of her being a senior resident. *See* HJH's affidavit, Exhibit 1; Dkt. No. 26, at Exhibit 4.

Nor does the Plaintiff assert that there exists a cease-and-deist letter or any other warning letter to any of the Defendants. No facts are provided that the defendants HJH and Liu had actual knowledge about the seizure by the CBP.

There are sufficient evidence to support a belief that the Plaintiff filed this frivolous lawsuit knowingly alleging false information in an attempt to force the individual Defendants HJH and Liu through various legal process to hold them hostage for its other investigations that it is conducting about Lycium.

In order to shorten the legal process, Defendants HJH and Liu are willing to get to the bottom line of the Plaintiff's complaint, but also counterclaim that the Plaintiff be liable for their suffers and legal cost, because the Plaintiff owe the individual Defendants a legal duty to exercise reasonable care to not bring a false suit. In the case of the Plaintiff's attorneys, as officers of the court, they had a duty to conform to a higher standard of care to bring no false suit.

II.   **Argument**

   **A. Motion to Dismiss Standard**

   "When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all of the factual allegations contained in the complaint" and construe the complaint in the light most favorable to the plaintiff. Omega SA v. 375 Canal, LLC, No. 12-CV-6979 (PAC), 2013 WL 2156043, at page 4, (S.D.N.Y. May 20, 2013). To state a facially plausible claim, a plaintiff, this case, the counter plaintiff, must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

   **B. Legal Standard for Malicious Prosecution/Abuse of Process and There Exists An Entire Lack Of Probable Cause By The Plaintiff**

   In New York ,"[t]he gravamen of a civil malicious prosecution cause of action is the wrongful initiation, procurement or continuation of a legal proceeding. To succeed on a claim for malicious prosecution, a plaintiff must show that the defendant initiated a proceeding that terminated in favor of the plaintiff, an entire lack of probable cause in the prior proceeding, malice, and special injury." Perryman v. Village of Saranac Lake, 41 AD3d 1080, 1081 (3d Dept 2007) (internal quotation marks and citations omitted); *see* Engel v. CBS, Inc., 93 NY2d 195, 204 (1999); Colon v. New York, 60 NY2d 78, 82 (1983); Wilhelmina Models, Inc. v. Fleisher, 19 AD3d 267, 269 (1st Dept 2005); Khandalavala v. Artsindina.com, LLC, 2014 NY Slip Op 30939, p.9 (N.Y. Sup. Ct. 2014).

"Probable cause consists of <u>such facts</u> and circumstances as would lead a reasonably prudent person in like circumstances to believe [defendant liable]." <u>Colon</u>, 60 NY2d 78, 82 (1983) (emphasis added). The Court should not accept as true "allegations consisting of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence." <u>Biondi v. Beekman Hill House Apt. Corp.</u>, 257 AD2d 76, 81 (1st Dept 1999), *affd* 94 NY2d 659 (2000).

Even though there is as of now no termination of the Plaintiff's initiated action against the individual Defendants under N. Y. Real Property Law § 231, there are sufficient facts that support that belief that there is an entire lack of probable cause to the Plaintiff's claim.

For the Plaintiff to succeed, it must prove that "the owner of real property, <u>knowingly leasing</u> or <u>giving possession</u> of the same to <u>be used or occupied</u>, wholly or partly for <u>any unlawful trade</u>, manufacture or business, or knowingly permitting the same <u>to be used</u>, is liable severally, and also jointly with <u>one or more of the tenants</u> or occupants thereof, for <u>any damage</u> resulting from such unlawful use, occupancy, trade, manufacture or business." N. Y. Real Property Law § 231(2) (Emphasis added).

The only facts the Plaintiff pleaded, other than bare conclusive allegations, are: (1) the information of the CBP's letter; (2) information of an investigator who visited the individual's residence at 2111 Colonial Avenue, Bronx, New York. The Plaintiff provided no documents either to support their allegations or to support its Motion to dismiss as required by L. Civ. R. 7.l.

The Plaintiff's allegations are contradicted by documents submitted by the individual Defendants herein. As shown in Exhibit 2, in the CBP letter obtained by the Defendants, there is no indication that the seized goods were bound for 2111 Colonial Avenue, Bronx, New York.

As shown in Exhibit 1, HJH, not Liu as claimed by the investigator, is the wife who talked him. As stated by HJH, the person pretended he was a USPS mailman, he showed her a piece of paper with "Lycium" on it, claiming there were two packages "over there", and she "did not know this name" and "thought it might be for one of my relatives." Exhibit 1, ¶¶2-8. No reasonable prudent person would have regarded mere receiving a mail is an illegal activity or a contributory trademark infringement.

The Plaintiff pleaded no facts that there exists an actual unlawful use of the defendant's premise at 2111 Colonial Avenue, Bronx, New York. The Plaintiff alleged that the seized goods by the CBP were bound for 2111 Colonial Avenue, Bronx, New York, but provided no document to support this allegation. First it does not make logical sense to make shipment to Long Beach, Los Angeles, CA if the shipment were bound for New York. And indeed, the Defendants produced document that indicates the seized goods were not bound for Lycium at 2111 Colonial Avenue, Bronx, New York; the notify party was Janice Liang Untiglobe, Inc with address at 17238 S. Main St, Garden, CA 90248. Exhibit 3, page 3.

There is no factual allegation by the Plaintiff that there exists at least one consumer of the alleged infringing product from Lycium or from the individual

Defendants. And such pleading is required under Section 32(1) (a) of the Lanham Act, 15 U.S.C. §1114(1) (a). *See* McLean v. Fleming, 96 U.S. 245, 251 (1877) ("no trader can adopt a trademark so resembling that of another trader as that ordinary purchasers, buying with ordinary caution, are likely to be misled"). Instead, the Plaintiff seemed to have tried to plant an evidence by fraudulently claiming there was a mail package for Lycium at 2111 Colonial, Ave, Bronx, New York, a mail fraud on Defendant HJH, taking advantage of her being a senior resident. *See* HJH's affidavit, Exhibit 1; Dkt. No. 26, at Exhibit 4.

Nor does the Plaintiff assert that there exists a cease-and-deist letter or any other warning letter to any of the Defendants. No facts are pleaded that the defendants HJH and Liu had actual knowledge about the seizure by the CBP.

The Plaintiff pleaded no facts that the individual Defendants knowingly allowed at least one unlawful use of their premise at 2111 Colonial Avenue, Bronx, New York. *See* 1165 Broadway Corp. v. Dayana of NY Sportswear, Inc, 633 N.Y.S.2d 724, 727, 166 Misc.2d 939, 944 (N.Y. City Civ. Ct 1995) ("the requirement that the premises be 'used' for illegal activity also presents a significant limitation to the reach of these statutes because the 'use' of a premises imports not an isolated act but conduct with some measure of continuity.")

It is reasonable for a reasonably prudent person to believe that the Plaintiff intentionally alleged false information regarding the seized goods being bound for Lycium at 2111 Colonial Avenue, Bronx, New York due to its lack of actual consumer

evidence. It is also reasonable for a reasonably prudent person to believe that the Plaintiff intended to use the court process in a perverted manner in order to obtain a collateral objective, such as, for example, in assisting its infringement accusation of Lycium.

Lastly, contrary to the Plaintiff's argument, the Defendants have pleaded that the lawsuit is an extraordinary burden for them: (1) their senior age; (2) Defendant HJH is currently recovering from her bladder cancer. Answer, Dkt. No. 18, at Pg. 6, ¶¶1-5, Pg. 8, ¶17.

For the reasons stated above, it is more likely than not the Plaintiff's claim will fail and the outcome will be in favor of the Defendants. The Defendants request that the court to stay the counterclaim of malicious prosecution and abuse of process until after the completion of the discovery process of the Plaintiff's claim.

### C. Prima Facie Tort

Defendants are willing to voluntarily withdraw this claim.

### III. Conclusion

Given the facts and the requirement of law, the Individual Defendants Huangjun He and Bing Qian Liu (the "individual Defendants") oppose Plaintiff Aspects, Inc ("Plaintiff") motion to dismiss the individual Defendants' counterclaim of malicious prosecution and abuse of process on the ground that the Plaintiff has failed to plead sufficient probable cause in their Complaint, and neither did they provide any facts in the form of Declaration in support of its motion under L. Civ. R. 7.l, the Defendants are

entitled to file counterclaims as a matter of law.

Since it is more likely than not the Plaintiff's claim will fail and the outcome will be in favor of the Defendants, the Defendants request the Court to stay their counterclaim of malicious prosecution and abuse of process until after the completion of the discovery process of the Plaintiff's claim. The Defendants are willing to voluntarily withdraw the claim of Prima Facie Tort.

Dated: June 15, 2018

Defendant Huangjun He and
Bing Qian Liu
By their attorney

/s/ Jie Tan
Jie Tan, Esq.
JT Law Services, PC
901 N. Broadway, Ste 20
White Plains, NY 10603
914-358-5944
jie.tan@jtlawservices.com

CERTIFICATE OF COMPLIANCE

I hereby certify that this Memorandum of Law contains 2586 words and complies with the formating requirements of the Local Rules and Your Honor's Individual Rules of Practice.

/s/ Jie Tan

Certificate of Service

I, Jie Tan, Esq. counsel for Defendant Huangjun He and Bing Qian Liu certify that on this__15th____day of June 2018, I served a true copy of this document on Plaintiff's counsels of record Craig M. Scott and Ryan M. Gainor via the ECF system

_____/s/jietan_____
Jie Tan, esq